IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW ERICKSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE<br><br><br><br>Case No. 2:17-CR-591 DB |

This matter is before the court on Defendant Andrew Erickson's motion for sentence reduction (compassionate release) under 18 U.S.C. § 3582. The motion has been fully briefed. For the reasons stated herein, Defendant's motion is denied.[1]

---

[1] Defendant's request for a hearing is also denied. Defendant is not entitled to a hearing. *United States v. Edington*, 2020 WL 2744140, *2 n.3 (D. Colo. May, 27, 2020). Modification of a sentence under § 3582 is not a plenary resentencing. *Dillon v. United States*, 560 U.S. 817, 826 (2010). District courts have found the First Step Act does not permit plenary resentencing. *United States v. Lewis*, 398 F.Supp.3d 945, 972 (D.N.M. 2019); *United States v. McKinney*, 382 F.Supp.3d 1163, 1165 (D. Kan. 2019). Although the United States Court of Appeals for the Tenth Circuit has not addressed this precise issue, it has confirmed that resentencing under 18 U.S.C. 3582(c) is not plenary. *See United States v. Quary*, 881 F.3d 820, 822-23 (10th Cir. 2018). "Concomitantly, because a defendant need not be present for a proceeding that involves the correction or reduction of a sentence under 18 U.S.C. 3582(c), *see* Fed. R. Crim. P. 43(b)(4), a hearing is not necessary to resolve a motion for relief under the First Step Act." *Edington*, 2020

1

## BACKGROUND

On July 11, 2019, Defendant pled guilty to Conspiracies to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) and Money Laundering in violation of 18 U.S.C. § 1956(h). (Dkt. 189.)  This Court sentenced Defendant to 12 months of incarceration followed by 36 months of supervised release.  On March 23, 2020, Defendant filed a compassionate release request with the warden at FCI Berlin.  On April 10, 2020, after determining Defendant did not meet the criteria for compassionate release, the warden denied the request.  The warden explained: "Based upon your 12 month sentence, your proximity to RRC placement, your current medical care level, your lack of risk factors for COVID-19, and our current zero cases, your case does not present significant extraordinary or compelling circumstances."  (Dkt. 205, Ex. F.)

On May 12, 2020, Defendant filed the present motion asking the Court to "reduce his sentence under 18 U.S.C. § 3582 (c)(1)(A)" and "to convert" his remaining time "to home confinement."  (Dkt. 201 at 2.)  Defendant is asking to be released to his home in New Hampshire so he can reside with his wife and two young children.  (*Id.* at 3.)

The government opposes Defendant's motion on the following grounds: (1) that Defendant has failed to demonstrate extraordinary and compelling reasons sufficient to warrant a sentence reduction under § 3582; (2) that the statutory sentencing factors do not weigh in favor of Defendant's release; and (3) that the Court lacks the authority to convert Defendant's sentence to home confinement under the Coronavirus Aid, Relief and Economic Security Act.  (Dkt. 205 at 12.)

---

WL 2744140, at *2 n.3 (citing cases).

**DISCUSSION**

It is well-established that a "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). Title 18 U.S.C. § 3582(c), often referred to as the compassionate release statute, permits a court to modify a term of imprisonment but only if certain exceptions apply. Previously, these exceptions required the Bureau of Prisons (BOP) to bring a motion on a defendant's behalf. However, in 2018 the compassionate release statute was amended by The First Step Act. Now, a defendant may file his own motion for relief if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. O'Brien*, 2020 WL 4260630, *2 (D. Kan. July 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Exhaustion

The government concedes that Defendant has satisfied the exhaustion requirement described in § 3582(c). (Dkt. 205 at 9 ("Defendant has exhausted his administrative remedies").) Accordingly, the Court turns to the merits of Defendant's motion.

Compassionate Release

Section 3582(c)(1)(A) authorizes district courts to reduce a term of imprisonment if, "after considering the factors set forth in Section 3553(a) to the extent they are applicable," the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii)

3

"such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement is found in U.S.S.G. § 1B1.13.[2] *United States v. Vashawn*, Slip Copy, 2020 WL 4219789, *3 (D. Kan. July 23, 2020). As pertinent here, this policy statement provides that the court may reduce a term of imprisonment, after considering the § 3553(a) factors, if (1) "[e]xtraordinary and compelling reasons warrant the reduction," and (2) "[t]he defendant is not a danger to the safety of any other person or the community," and (3) "[t]he reduction is consistent with this policy statement." *Id.*

Application Note 1 to § 1B1.13 provides that extraordinary and compelling reasons exist "under any of the [four] circumstances set forth" in subdivisions (A) through (D). Subdivision (A) provides that the medical condition of a prisoner may qualify the inmate for compassionate release if (i) he is suffering from a terminal illness, or (ii) he is suffering from a serious physical or medical condition that "substantially diminishes" his ability to provide self-care within the prison and he is not expected to recover. U.S.S.G. § 1B1.13 application note 1(A). Subdivisions (B) and (C) apply to age and family circumstances not invoked here. Subdivision (D) supplies a "catchall" provision: it applies when "[a]s determined by the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 application note

---

[2] The Sentencing Commission's applicable policy statement, USSG § 1B1.13, predates the First Step Act and "has not been updated to reflect the statutory amendment; in fact the statement's application notes still require a motion by the BOP." *United States v. Jackson*, 2020 WL 2812764, *3 (D. Kan. May 29, 2020).

1(D).³

Finally, the moving defendant bears the burden of establishing that a "compassionate release" is warranted under the statute. *United States v. Wesley*, 2020 WL 3868901, *1 (D. Kan. July 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *Wesley*, 2020 WL 3868901, at *1 (citing *United States v. Piper*, 839 F.3d. 1361, 1265 (10th Cir. 2016)).

In this case, Defendant argues, consistent with the "catch all provision" of subsection (D), that a combination of factors warrant his compassionate release. (Dkt. 201 at 24.) As grounds for compassionate release, Defendant asserts that he has served over 50% of his sentence, and with only 6 months remaining, the reduction he seeks is minor. (Dkt. 201 at 1-2.) Defendant also argues that the COVID-19 pandemic has created health risks for those incarcerated. The camp where he is housed does not allow for proper social distancing and the

---

³ Some courts have ruled, based on the express wording of application note 1(D) to § 1B1.13, that only the BOP may invoke the "catchall" provision of subdivision (D). *See Jackson*, 2020 WL 2812764, at *3 (citing cases). The "overwhelming majority of courts," however, have rejected this approach, finding "[i]t would undermine the change made by Congress in the [First Step Act]." *Id.* (assuming, for purposes of deciding compassionate release motion, that a court is not limited to circumstances set forth in subdivisions (A) through (C)). Instead, they have concluded that although the old policy statement provides helpful guidance, "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction." *United States v. Younger*, 2020 WL 3429490, *5 (D. Kan. June 23, 2020); *see also United States v. Pullen*, 2020 WL 4049899, *3 & n.28 (D. Kan. July 20, 2020) ("In accordance with the weight of authority, the Court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute"); *United States v. O'Bryan*, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020) ("In the wake of the First Step Act, numerous courts have recognized the court can determine whether extraordinary and compelling reasons exist to modify a sentence – and may do so under the 'catch all' provision.").

halfway house where Defendant will serve the final months of his sentence already has confirmed cases of COVID-19. (*Id.*) In his Reply, Defendant states that since filing his initial motion in May, he has been diagnosed with Shingles. Defendant argues that his transfer to a half-way house with known COVID-19 cases, coupled with his underlying medical condition of shingles, "could lead to increased health issues or worse." (Dkt. 210 at 9.) Defendant adds that as a non-violent offender, he is not a danger to the public, and the public will be protected because "[Defendant] is now publicly branded a felon and Probation will be watching his actions." (Dkt. 201 at 25.) Finally, Defendant asserts that converting his sentence to home confinement "furthers respect for the law" by "demonstrating the judicial system is not mechanical and uncaring of prisoners' plight." (Dkt. 201 at 25.)

The government, in opposition, reiterates the rationale for the Warden's denial of Defendant's request and asserts that none of the pertinent facts have changed; Defendant is healthy and has no serious underlying medical conditions. As for Defendant's recent Shingles diagnosis, the government claims that the medical records show that Defendant received meticulous care and attention for his condition, and there is nothing to suggest he would not receive the same level of care should he experience future ailments. (Dkt. 208 at 2-3.) According to the government, Defendant's "extraordinary and compelling reason" is simply "the mere existence of COVID-19" and his concern over being exposed to the virus at either FCI Berlin camp or the half-way house. (Dkt. 205 at 9.) Additionally, the government argues that even if Defendant could demonstrate extraordinary and compelling reasons, his motion should be denied because the § 3553(a) factors strongly disfavor compassionate release in this case. (*Id.* at

16.)

      The Court agrees and finds that Defendant has failed to establish that "extraordinary and compelling reasons" support a reduction in his sentence. The Defendant is a healthy 41-year-old male with no serious pre-existing medical issues or conditions that put him at a higher risk of complications related to COVID-19.  The Court does not question his genuine concern about being exposed to or contracting the virus, but general concerns about possible exposure to COVID-19 do not constitute extraordinary or compelling reasons for a sentence reduction. *United States v. Machuca-Quiintana*, 2020WL 3047596, *4 (D. Kan. June 8, 2020) ("Defendant's fears regarding Covid-19, while understandable, simply do not constitute "extraordinary and compelling reasons" under § 3582(c) and the applicable policy statements to reduce her sentence to time served."); *see United States v. Raia,* 2020 WL 1647922, *2 (3d Cir. 2020) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Wesley*, 2020 WL 3868901, *3 (D. Kan. July 9, 2020) ("[Defendant] has simply not shown that he bears an increased risk of serious medical harm, and the court is not prepared to order the release of any and all inmates solely because of the pandemic, in the absence of such a particularized risk.").

      Defendant's recent Shingles diagnosis does not alter the outcome.  The Court is mindful that if an inmate has a chronic medical condition that has been identified by the Centers for Disease Control and Prevention ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling

7

reasons." However, Defendant's condition falls short of establishing that level of severity. First, Shingles is not among the conditions cited by the CDC as involving some increased risk of complications from COVID-19 infection. *People Who Are at Higher Risk for Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited August 7, 2020). Second, the same prison health records that substantiate Defendant's Shingles condition also show that Defendant received appropriate and thorough treatment, diagnosis, and follow-up care, and there is no indication that Defendant's condition is debilitating in any way. Third, there is nothing to suggest that Defendant's camp or half-way house will be unable or ill-equipped to provide this same level of care for Defendant's condition, or any other potential ailment, including COVID-19, should the need arise.

However, even if the Court were to find that Defendant had demonstrated "extraordinary and compelling reasons," the Court would nonetheless deny Defendant's motion because the applicable § 3553(a) factors do not warrant an exercise of discretion to reduce Defendant's sentence in this case.[4] Defendant's offense was serious. It spanned three years and involved the trafficking of 2,200 pounds of marijuana from California to Massachusetts and a multi-million dollar laundering scheme. Defendant's 12-month sentence was the product of a Rule 11(c)(1)(C)

---

[4] Pursuant to 18 U.S.C. § 3553(a), in determining in determining the particular sentence to be imposed, the Court shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense the promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant effective training and treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range applicable to the category of offense committed; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.

plea agreement, in which the parties agreed that a reasonable sentencing range, given the particular facts, was between 12 and 30 months. (Dkt. 86, ¶12.) This agreed-upon range was significantly lower than the applicable guideline range Defendant would have otherwise faced. The Court demonstrated considerable leniency in sentencing Defendant to the low end of the agreed-upon range. The Court considered the particular drug involved, the sentences of the co-conspirators, and Defendant's cooperation. Under these circumstances, any further reduction of Defendant's sentence would minimize Defendant's actions and undermine the need to promote respect for the law and afford adequate deterrence to criminal conduct.

<u>Request for Home Confinement Under the Coronavirus Aid, Relief and Economic Security Act (The CARES Act)</u>

Although Defendant's motion is captioned "Motion for Reduction in Sentence" and is brought pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant's specific request asks the Court to re-designate his location of imprisonment to his home. (Dkt. 201 at 1-2 ("Mr. Erickson asks only to convert in-custody and halfway house time to home confinement.").)

The Court "lacks any authority to order that [Defendant] serve the remainder of [his] sentence ... by home confinement." *United States v. Machuca-Quiintana*, 2020 WL 3047596, at *5 (D. Kan. June 8, 2020). The Director of the Bureau of Prisons has discretion under 18 U.S.C. § 3624(c)(2) to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.* The new Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") expands that discretion and provides that the BOP "may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516

(2020).  While the CARES Act grants broader discretion to the BOP to use home confinement, it does not grant this Court the authority or jurisdiction to do the same.  *United States v. Machuca-Quiintana*, 2020 WL 3047596, at *5 (D. Kan. June 8, 2020); *United States v. Ward*, 2020 WL 2089826, at *2 (W.D. Okla. Apr. 30, 2020); *see also United States v. Boyles*, 2020 WL 1819887 at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining the difference between the CARES Act grant of authority to the BOP to lengthen the duration of home confinement and the court's jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c)).  Thus, to the extent Defendant's motion seeks the transfer of his incarceration to home confinement, the Court lacks jurisdiction to grant such a request.  *See United States v. Dubarry*, No. 2:09-cr-680-DAK, Slip Copy, 2020 WL 3791906, *1 (D. Utah July 7, 2020).

## **CONCLUSION**

Defendant's motion for sentence reduction under § 3582(c)(1)(A) is DENIED.

To the extent Defendant's motion seeks a sentence of home confinement under the CARES Act, the motion is DISMISSED for lack of jurisdiction.

DATED this 14th day of August, 2020.

                                                             Dee Benson
                                                             United States District Judge